Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiffs*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cesar Eduardo Joj Perez, Inocente Joj Sacuj, Juan Rivera-Raymundo, Pablo Ruiz Garcia, and Orlando De La Torre, *on behalf of themselves and others similarly situated,* <br><br> *Plaintiffs,* <br><br> -v- <br><br> Relay Delivery, Inc., Alex Blum and Michael Chevett, *in their individual and professional capacity,* <br><br> *Defendants.* | Civil Case No.:  _____-cv-_____(___) <br><br> **COLLECTIVE <br> ACTION COMPLAINT** |

## NATURE OF THE ACTION

1.      Plaintiffs, Cesar Eduardo Joj Perez, Inocente Joj Sacuj, Juan Rivera-Raymundo, Pablo Ruiz Garcia, and Orlando De La Torre (collectively "Plaintiffs"), on behalf of themselves and others similarly situated, bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* in order to remedy Defendants' wrongful withholding of Plaintiffs' lawfully earned minimum and overtime compensation, and Defendants' misappropriation of tips.  Plaintiffs also bring these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq*, as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime

wages, spread-of-hours pay, misappropriation of tips, and notice and record keeping requirements. Finally, Plaintiffs Cesar Eduardo Joj Perez, Inocente Joj Sacuj and Orlando De La Torre bring a claim of retaliation under both the FLSA and the NYLL.

## SUMMARY

2.     Plaintiffs were employed by Defendants, Relay Delivery, Inc. ("Relay"), Alex Blum ("Blum"), and Michael Chevett ("Chevett")(collectively "Defendants") as delivery couriers.

3.     Plaintiffs' job duties included picking up goods from restaurants that engaged the services of Relay Delivery, Inc. and delivering such goods to specified addresses.

4.     Defendants have repeatedly deprived Plaintiffs of their lawfully earned wages as well as their overtime compensation. Plaintiffs were paid an amount of Six Dollars ($6) per hour irrespective of the number of hours they worked.

5.     Defendants misclassified Plaintiffs as independent contractors and paid them at an hourly rate less than minimum wage and no overtime for all hours worked by them over forty hours per week.

6.     Nevertheless, the degree of control exercised by Defendants over Plaintiffs, the duration and permanence of Plaintiffs' duties and the vital role Plaintiffs' work constituted to Defendants' business indicate that Plaintiffs were in fact employees of Defendants within the meaning of the FLSA and NYLL.

7.     Plaintiffs did not retain the full amount of tips given to them by customers due to Defendants' misappropriation of their tips.

8.     On several occasions, the Plaintiffs formally complained to Defendant Blum, regarding the Defendants' unlawful practices concerning their rate of pay. On June 8, 2016,

Plaintiffs, through their attorneys, sent a notice of intend to commence litigation to the Defendants Relay Delivery, Inc. and Alex Blum.

9.    Defendants retaliated by modifying Cesar Eduardo Joj Perez's, Inocente Joj Sacuj's and Orlando De La Torre's schedules to reduce their hours of work.

10.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

11.    As a result of Defendants' actions, Plaintiffs have suffered great hardship and damages.

12.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees. Plaintiffs seek certification of their FLSA claims as a collective action on behalf of themselves individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216 (b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

13.    This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. §1367(a).

### Personal Jurisdiction

14.    This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and

this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

**Venue**

15.     Venue is proper in the Southern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### (Plaintiffs)

**Cesar Eduardo Joj Perez**

16.     Plaintiff Cesar Eduardo Joj Perez ("Perez") is an adult individual residing in the state of New York, County of Queens.

17.     Perez is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

18.     Perez has been working for the Defendants from February 19, 2016 till the present date.

19.     Perez was employed at Relay Delivery, Inc., owned by Defendants, with offices located at 399 S. 5th Street, #2, Brooklyn, NY 11211 and 440 Park Avenue South, 14th floor, New York, NY 10016. The Defendants provided on-demand delivery services for restaurants.

20.     Perez was employed as a delivery courier. His duties included picking up and delivering take-out orders placed by Defendant Relay's customers.

21.     Perez regularly handled goods in interstate commerce, such as food and drinks produced with ingredients outside the State of New York.

22.     Defendants had no clocking system and did not keep any time records during

the relevant time period.

23.     For the period of his employment, Perez worked six days per week from 10 a.m. to 3 p.m. and from 6 p.m. to 10 p.m. each day. Perez was working 9 hours each day and was averaging around fifty four (54) hours per week.

24.     Defendants repeatedly suffered or permitted Perez to work over forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times the statutory minimum.

25.     Throughout the duration of his employment with Defendants, Perez was getting compensated at a rate of Six Dollars ($6) per hour, irrespective of the number of hours he worked.

26.     Perez was paid by check once each week.

27.     In addition, as a tipped employee, Perez did not receive all the tips he was entitled to and an amount of approximately Fifty Dollars ($50) was misappropriated from his tips each week by the Management.

28.     Defendants have failed to pay Perez spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Perez worked more than ten (10) hours.

29.     Perez through his Attorneys sent a notice of intent to commence litigation dated June 8, 2016, to the Defendant Relay Delivery, Inc. and Alex Blum and, as a result, Defendant Blum retaliated by reducing Perez's hours of work.

30.     Perez was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

31.     Perez was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

32.     Upon information and belief, while Defendants employed Perez, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Perez of such rights.

33.     Throughout the duration of his employment, Perez did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

34.     Perez consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).


**Inocente Joj Sacuj**

35.     Plaintiff Inocente Joj Sacuj ("Sacuj") is an adult individual residing in the state of New York, County of Queens.

36.     Sacuj is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

37.     Sacuj has been working for the Defendants from February 19, 2016 till the present date.

38.     Sacuj was employed at Relay Delivery, Inc., owned by Defendants, with offices located at 399 S. 5th Street, #2, Brooklyn, NY 11211 and 440 Park Avenue South, 14th floor, New York, NY 10016. The Defendants provided on-demand delivery services for restaurants.

39.     Sacuj was employed as a delivery courier. His duties included picking up and delivering take-out orders placed by Defendant Relay's customers.

40.     Sacuj regularly handled goods in interstate commerce, such as food and drinks produced with ingredients outside the State of New York.

41.     Defendants had no clocking system and did not keep any time records during the relevant time period.

42.     For the period of his employment, Sacuj worked six days per week from 11 a.m. to 3 p.m. and from 6 p.m. to 10 p.m. each day. Sacuj was working 8 hours each day and was averaging around forty eight (48) hours per week.

43.     Defendants repeatedly suffered or permitted Sacuj to work over forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times the statutory minimum.

44.     Throughout the duration of his employment with Defendants, Sacuj was getting compensated at a rate of Six Dollars ($6) per hour, irrespective of the number of hours he worked.

45.     In addition, as a tipped employee, Sacuj did not receive all the tips he was entitled to and an amount of Fifty Dollars ($50) was misappropriated from his tips each week by the Management.

46.     Defendants have failed to pay Sacuj spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Sacuj worked more than ten (10) hours.

47.     Sacuj formally complained to Defendant Blum, regarding the Defendants' unlawful practices regarding his rate of pay. Sacuj through his Attorneys sent a notice of intent

to commence litigation dated June 8, 2016, to the Defendants Relay Delivery, Inc. and Defendant Blum and, as a result, Defendant Blum retaliated by reducing Perez's hours of work.

48.    Sacuj was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

49.    Sacuj was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

50.    Upon information and belief, while Defendants employed Sacuj, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Sacuj of such rights.

51.    Throughout the duration of his employment, Sacuj did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

52.    Sacuj consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**Juan Rivera-Raymundo**

53.    Plaintiff Juan Rivera-Raymundo ("Raymundo") is an adult individual residing in the state of New York, County of Queens.

54.    Raymundo is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

55.     Raymundo has been working for the Defendants from January 25, 2016 till the present date.

56.     Raymundo was employed at Relay Delivery, Inc., owned by Defendants, with offices located at 399 S. 5th Street, #2, Brooklyn, NY 11211 and 440 Park Avenue South, 14th floor, New York, NY 10016. The Defendants provided on-demand delivery services for restaurants.

57.     Raymundo was employed as a delivery courier. His duties included picking up and delivering take-out orders placed by Defendant Relay's customers.

58.     Raymundo regularly handled goods in interstate commerce, such as food and drinks produced with ingredients outside the State of New York.

59.     Defendants had no clocking system and did not keep any time records during the relevant time period.

60.     For the period of his employment, Raymundo worked six days per week from 8 a.m. to 2 p.m. and from 5 p.m. to 10 p.m. each day. Raymundo worked for approximately 11 hours per day and approximately sixty six (66) hours per week. Raymundo also worked for six Sundays during his employment with the Defendants from 9 a.m. to 4 p.m. Since the past four (4) weeks, Raymundo has been working for 47 hours per week.

61.     Defendants repeatedly suffered or permitted Raymundo to work over forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times the statutory minimum.

62.     Throughout the duration of his employment with Defendants, Raymundo was getting compensated at a rate of Six Dollars ($6) per hour, irrespective of the number of hours he worked.

63.    In addition, as a tipped employee, Sacuj did not receive all the tips he was entitled to and an amount of One Hundred and Fifty Dollars ($150) was misappropriated from his tips each week by the Management.

64.    Defendants have failed to pay Raymundo spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Raymundo worked more than ten (10) hours.

65.    Raymundo was paid by cash once a week.

66.    Raymundo was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

67.    Raymundo was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

68.    Upon information and belief, while Defendants employed Raymundo, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Raymundo of such rights.

69.    Throughout the duration of his employment, Raymundo did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

70.    Raymundo consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**Pablo Ruiz Garcia**

71.     Plaintiff Pablo Ruiz Garcia ("Garcia") is an adult individual residing in the state of New York, County of Queens.

72.     Garcia is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

73.     Garcia worked for the Defendants from December 26, 2015 to May 21, 2016.

74.     Garcia was employed at Relay Delivery, Inc., owned by Defendants, with offices located at 399 S. 5th Street, #2, Brooklyn, NY 11211 and 440 Park Avenue South, 14th floor, New York, NY 10016. The Defendants provided on-demand delivery services for restaurants.

75.     Garcia was employed as a delivery courier. His duties included, picking up and delivering take-out orders placed by Defendant Relay's customers.

76.     Garcia regularly handled goods in interstate commerce, such as food and drinks produced with ingredients outside the State of New York.

77.     Defendants had no clocking system and did not keep any time records during the relevant time period.

78.     For the period of his employment, Garcia worked six days a week. From Monday to Friday each week, Garcia worked from 5 p.m. to 10 p.m., and on Saturdays he worked from 3 p.m. to 10 p.m. each day. Garcia was averaging around thirty two (32) hours per week.

79.     Throughout the duration of his employment with Defendants, Garcia was getting compensated at a rate of Six Dollars ($6) per hour, irrespective of the number of hours he worked.

80.     In addition, as a tipped employee, Garcia did not receive all the tips he was entitled to and an amount of approximately Fifty Dollars ($50) was misappropriated from his tips each week by the Management.

81.     Garcia was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

82.     Garcia was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

83.     Upon information and belief, while Defendants employed Garcia, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Garcia of such rights.

84.     Throughout the duration of his employment, Garcia did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

85.     Garcia consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).


**Orlando De La Torre**

86.     Plaintiff Orlando De La Torre ("De La Torre") is an adult individual residing in the state of New York, County of Queens.

87.     De La Torre is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

88.     De La Torre worked for the Defendants from January 2016 to June 2016.

89.     De La Torre was employed at Relay Delivery, Inc., owned by Defendants, with offices located at 399 S. 5th Street, #2, Brooklyn, NY 11211 and 440 Park Avenue South, 14th floor, New York, NY 10016. The Defendants provided on-demand delivery services for restaurants.

90.     De La Torre was employed as a delivery courier. His duties included picking up and delivering take-out orders placed by Defendant Relay's customers.

91.     De La Torre regularly handled goods in interstate commerce, such as food and drinks produced with ingredients outside the State of New York.

92.     Defendants had no clocking system and did not keep any time records during the relevant time period.

93.     For the period of his employment, De La Torre worked six days per week from 9 a.m. to 11 p.m. De La Torre was working 14 hours each day and was averaging around eighty four (84) hours per week.

94.     Defendants repeatedly suffered or permitted De La Torre to work over forty (40) hours per week without paying him the appropriate premium overtime pay of one and one half times the statutory minimum.

95.     Throughout the duration of his employment with Defendants, De La Torre was getting compensated at a rate of Six Dollars ($6) per hour, irrespective of the number of hours he worked.

96.     De La Torre was paid by way of direct deposit once each week.

97.     In addition, as a tipped employee, De La Torre did not receive all the tips he was entitled to and an amount of approximately two hundred Dollars ($200) was

misappropriated from his tips each week by the Management.

98.     Defendants have failed to pay De La Torre spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which De La Torre worked more than ten (10) hours.

99.     De La Torre formally complained to Defendant Blum, regarding the Defendants' unlawful practices concerning his rate of pay. De La Torre also indicated his desire to bring a lawsuit against Defendants concerning their unlawful employment practices. In response, Defendant Blum retaliated against De La Torre by significantly altering his schedule to reduce his hours of work.

100.     De La Torre was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

101.     De La Torre was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

102.     Upon information and belief, while Defendants employed De La Torre, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform De La Torre of such rights.

103.     Throughout the duration of his employment, De La Torre did not have any supervisory authority nor did he exercise discretion or independent judgment with respect to matters of significance.

104.     De La Torre consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

**(Corporate Defendant)**

**Relay Delivery, Inc.**

105.    Relay Delivery, Inc. ("Relay") is a foreign business corporation organized and existing under the laws of the State of Delaware.

106.    On October 24, 2014, Relay designated the New York Secretary of State as agent of the corporation upon whom process against it may be served in New York.

107.    Relay's entire business consists of providing on-demand delivery services for restaurants. Its main offices are located at 399 S. 5th Street, #2, Brooklyn, NY 11211 and 440 Park Avenue South, 14th Floor, New York, NY 10016.

108.    Relay operates seven (7) days per week. It has approximately 200-300 full-time employees. According to one article written by Defendant Alex Blum (https://medium.com/@blumalex/the-story-of-relay-2ef659c9507d#.ju03rmefk), the company has "fulfilled deliveries worth close to $1 million dollars." A true and accurate extract of Blum's article is annexed hereto as **Exhibit A**.

109.    At all relevant times, Relay was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

110.    At all relevant times, Relay maintained control, oversight, and direction over the Plaintiffs, including timekeeping, payroll and other employment practices that applied to them.

111.    At all relevant times, Relay was "an enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were delivering food made from ingredients that were manufactured out of state and distributed in New York. In addition, Relay conducted business with vendors and other businesses outside the State of New York and engaged in credit card transactions involving banks and other institutions

outside the State of New York.

112.    Upon information and belief, at all relevant times, Relay's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendants)**

113.    At all relevant times, Alex Blum, Michael Chevett, and Relay Delivery, Inc. were joint employers of Plaintiffs, acted in the interest of each other with respect to all employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2.

**<u>Alex Blum</u>**

114.    Upon information and belief, at all relevant times, Alex Blum ("Blum") was the founder, owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

115.    At all relevant times throughout Plaintiffs' employment, Blum had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedules; and otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

116.    At all relevant times throughout Plaintiffs' employment, Blum was actively involved in the day-to-day operations of the Corporate Defendant.

117.    At all relevant times throughout Plaintiffs' employment, Blum was a "covered

employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Michael Chevett**

118.    Upon information and belief, at all relevant times, Michael Chevett ("Chevett") was the founder, owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

119.    At all relevant times throughout Plaintiffs' employment, Chevett had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiffs' schedules; and otherwise controlling the terms and conditions for the Plaintiffs while they were employed by Defendants.

120.    At all relevant times throughout Plaintiffs' employment, Chevett was actively involved in the day-to-day operations of the Corporate Defendant.

121.    At all relevant times throughout Plaintiffs' employment, Chevett was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiffs, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

## COLLECTIVE ACTION ALLEGATIONS

122.    Pursuant to 29 U.S.C. §§ 203, 206, 207 and 216(b), Plaintiffs bring their First, Second, and Third Causes of Action as a collective action under the FLSA on behalf of themselves and the following collective:

All persons employed by Defendants at any time since August 22, 2013, and through the entry of judgment in this case (the "Collective Action Period") who worked as delivery couriers and all other non-management employees of Defendants (the "Collective Action Members").

123.   A collective action is appropriate in this circumstance because Plaintiffs and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week. In addition, Defendants had a common practice of misappropriating the cash tips of tipped employees.

124.   Plaintiffs and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

125.   The claims of Plaintiffs stated herein are similar to those of the other employees.

## **FIRST CAUSE OF ACTION**

### **Fair Labor Standards Act – Minimum Wages**

126.   Plaintiffs, on behalf of themselves and the Collective Action Members, reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

127.   At all relevant times, Plaintiffs and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

128.     At all times relevant, Defendants have been employers of Plaintiffs and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§203 (s)(1) and 206 (a).

129.     Defendants were required to pay directly to Plaintiffs, and the Collective Action Members, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

130.     Defendants failed to pay Plaintiffs, and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

131.     Instead, Defendants paid the Plaintiffs and the Collective Action Members, an hourly rate of less than the applicable minimum wage.

132.     As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216 (b).

133.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

134.     Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs and the Collective Action Members.

135.     Defendants failed to post or keep posted conspicuous notices of Plaintiffs' rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

136.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

137.    Plaintiffs and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

138.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiffs and the Collective Action Members.

139.    Defendants have failed to pay Plaintiffs and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

140.    As a result of Defendants' violations of the FLSA, Plaintiffs and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION

### Fair Labor Standards Act - Misappropriation of tips

141.    Plaintiffs and the Collective Action Members reallege and incorporate by reference all allegations in all preceding paragraphs.

142.    The wage payment provisions of the FLSA, 29 U.S.C. § 203(m) and the supporting federal regulations 29 C.F.R. §§ 531.50 *et seq.* apply to Defendants, and protect Plaintiffs and the Collective Action Members.

143.    Defendants misappropriated an amount of approximately Fifty Dollars ($50) to Two Hundred Dollars ($200) each week from the tips of each of the Plaintiffs.

144.    As a result of Defendants' continuous and willful violations of the FLSA, 29 U.S.C. § 203(m) and the supporting federal regulations 29 C.F.R. §§ 531.50 *et seq.*, Plaintiffs and the Collective Action Members are entitled to damages for the value of the misappropriated gratuities, liquidated damages as provided for by the 29 U.S.C. § 216(b), reasonable attorneys' fees, and costs.


## FOURTH CAUSE OF ACTION

### Fair Labor Standards Act – Prohibited retaliation

145.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

146.    The retaliation provisions as set forth in FLSA, 29 U.S.C.A. § 215 apply to Defendants and protect Plaintiffs.

147.    After receiving a notice of intent to commence litigation letter dated June 8, 2016 by Plaintiffs' Counsel, the Defendants retaliated by shortening the Plaintiffs' schedules in violation of 29 U.S.C.A. § 215(3).

148.    Due to Defendants' unlawful retaliation against the Plaintiffs, they have suffered great hardship and damages of an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### New York Labor Law – Minimum Wage

149.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

150.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

151.    At all relevant times referenced herein, Plaintiffs have been employees of Defendants, and Defendants have been employers of Plaintiffs within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

152.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiffs.

153.    From December 31, 2014, to December 30, 2015, the minimum hourly wage in the State of New York was $8.75, and from December 31, 2015 onwards, the minimum hourly wage in the State of New York is $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1.

154.    Defendants were required to pay Plaintiffs no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.1.

155.    Through their knowing and intentional failure to pay minimum hourly wages to Plaintiffs, Defendants have violated the NYLL Article 19, §§ 650 *et seq*., and 12 N.Y.C.R.R. Part 142-2.1.

156.   Defendants also failed to post conspicuous notices of the Plaintiffs' rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

157.   Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of NYLL § 663.

158.   Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime wages

159.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

160.   The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

161.   Defendants have failed to pay Plaintiffs proper overtime which they were entitled to at a wage rate of one and one-half times the employees' regular rate but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

162.   Through their knowing or intentional failure to pay Plaintiffs proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

163.   Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of NYLL § 663.

164.   Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### SEVENTH CAUSE OF ACTION

### New York Labor Law- Spread-of-Hours Pay

165.   Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

166.   The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiffs.

167.   Defendants have failed to pay Plaintiffs spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs worked more than ten (10) hours, as defined by the New York State Department of Labor regulations, including but not limited to 12 N.Y.C.R.R. Part 142-2.4.

168.   Through their knowing or intentional failure to pay Plaintiffs spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

169.   Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours pay, liquidated damages as provided for by the

NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

### EIGHTH CAUSE OF ACTION

### New York Labor Law- Misappropriation of tips

170.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

171.    The wage payment provisions of Article 6 of the NYLL and the supporting New York State Department of Labor Regulations 12 N.Y.C.R.R. Part 142 *et seq.* apply to Defendants, and protect Plaintiffs.

172.    Defendants were prohibited from demanding, accepting or retaining, directly or indirectly, any part of the gratuities received by Plaintiffs pursuant to NYLL Article 6, § 196-d and 12 N.Y.C.R.R. §§ 142-2.21.

173.    Defendants misappropriated an amount of approximately Fifty Dollars ($50) to Two Hundred Dollars ($200) each week from the tips of each of the Plaintiffs.

174.    Upon information and belief, Defendants failed to establish, maintain and preserve for at least six years accurate tip records showing the amount, shares and daily log of tips collected by each employee at each position in violation of 12 N.Y.C.R.R. § 142-2.1.

175.    As a result of Defendants' continuous and willful violations of the NYLL § 196-d and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 *et seq.*, Plaintiffs are entitled to damages for the value of the misappropriated gratuities, liquidated damages as provided for by NYLL § 198(1-a), reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## NINTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Notice at the Time of Hiring

176.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

177.    Defendants have failed to provide Plaintiffs, at the time of hiring, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

178.    Due to Defendants' violations of the NYLL § 195(1), Plaintiffs are entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## TENTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

179.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

180.    Defendants have failed to provide Plaintiffs with accurate wage statements listing their rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

181.    Due to Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that

the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## ELEVENTH CAUSE OF ACTION

### New York Labor Law – Prohibited retaliation

182.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

183.    The retaliation provisions as set forth in NYLL § 215(1) apply to Defendants and protect Plaintiffs.

184.    After receiving a notice of intent to commence litigation letter dated June 8, 2016 from Plaintiffs' Counsel, the Defendants retaliated by shortening the Plaintiffs' schedules in violation of 29 NYLL § 215(1).

185.    Due to Defendants' unlawful retaliation against Plaintiffs, they have suffered great hardship and damages and are entitled to recover an award comprising of lost compensation, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) pursuant to NYLL § 215(2)(a).

186.    Defendants should also be ordered to pay a civil penalty of a maximum of Ten Thousand Dollars ($10,000) pursuant to 29 NYLL § 215(1)(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek the following relief:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them

of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

B.      Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

C.      Unpaid minimum wages, tips, and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D.      Unpaid minimum wages, overtime wages, tips, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL §198(1-a) and §663(1);

E.      Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violation of the FLSA pursuant to 29 U.S.C.A. § 216(b);

F.      An award of statutory damages for Defendants' failure to provide Plaintiffs with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

G.      An award of statutory damages for Defendants' failure to provide Plaintiffs with accurate wage statements pursuant to NYLL § 198 (1-d);

H.      An award of damages to be determined at trial for the Defendants' prohibited retaliation against Plaintiffs pursuant to 29 U.S.C.A § 215(3);

I.      An award of front pay, lost compensation, costs and reasonable attorneys' fees, and liquidated damages up to a maximum of Twenty Thousand Dollars ($20,000) for Defendants' prohibited retaliation against Plaintiffs pursuant to NYLL § 215(2)(a);

J.      A civil penalty of a maximum of Ten Thousand Dollars ($10,000) for Defendants' prohibited retaliation against Plaintiffs pursuant to 29 NYLL § 215(1)(b);

K.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

L.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

M.      An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

N.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

O.      An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

P.      Such other relief as this Court shall deem just and proper.


Dated: Astoria, New York
       August 22, 2016


                        Respectfully submitted,
                        **PARDALIS & NOHAVICKA, LLP**

                By:     _____/s/Ariadne Panagopoulou_____
                        Ariadne Panagopoulou (AP-2202)
                        *Attorneys for the Plaintiffs*
                        35-10 Broadway, Suite 201
                        Astoria, New York 11106
                        Tel: 718.777.0400 | Fax: 718.777.0599
                        Email:  ari@pnlawyers.com

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

     I consent to be a party plaintiff in a lawsuit against **Relay Delivery Inc.,** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 5/31/2016

_Pablo Ruiz_
Signature

Pablo Ruiz Garcia
Print

102-02-LARUE AVE
Address

347-829-0771
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party plaintiff in a lawsuit against **Relay Delivery Inc.**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 6/7/2016

_____

Signature

Juan Rivera-Raymundo_____
Print

3247 110th Street,
East Elmhurst, NY 11369_____
Address

1347 74198 73_____
Telephone

**NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)**

**FAIR LABOR STANDARDS ACT CONSENT FORM**

       I consent to be a party plaintiff in a lawsuit against **Relay Delivery Inc.**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29 U.S.C. section §216(b). I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 5/27/2016

_____
Signature

Ceasar Perez_____
Print

37-26   72st
Jackson   Hieghts
Address

347 884 2011
Telephone

## NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

## FAIR LABOR STANDARDS ACT CONSENT FORM

I consent to be a party plaintiff in a lawsuit against **Relay Delivery Inc.,** and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29  U.S.C. section §216(b).  I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 5/27/2016

_____
Signature

Innocente Joj_____
Print

98/4 H/57VWe corona
_____
Address

343-833 18 46
Telephone

NOTICE OF CONSENT TO JOIN, PURSUANT TO 29 U.S.C. §216(b)

**FAIR LABOR STANDARDS ACT CONSENT FORM**

      I consent to be a party plaintiff in a lawsuit against **Relay Delivery Inc.**, and/or related entities and individuals in order to seek redress for violations of Fair Labor Standards Act, pursuant to 29  U.S.C. section §216(b).  I hereby designate **Pardalis & Nohavicka LLP** to represent me in such a lawsuit.

Dated: 7/18/2016

_____
Signature

Orlando De la Torre_____
Print

148-07 90th Avenue_____
 

Jamaica, New York, 11435____
Address

845-287-3390_____
Telephone